UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>JOSHUA JOHN MUSGROVE,<br><br>                              Defendant. | NO:  CR-11-122-RMP<br><br>ORDER MEMORIALIZING<br>COURT'S RULINGS AND PRETRIAL<br>ORDER |

A pretrial hearing was held in this matter on January 10, 2012.  Defendant, who is in custody, was present and represented by Assistant Federal Defender Robert R. Fischer.  The Government was present and represented by Assistant United States Attorney Aine Ahmed.  The Court has reviewed the submitted motions and accompanying materials, considered relevant authority, and is fully informed.  This Order memorializes and supplements the Court's oral rulings.

Before the Court is Defendant's oral motion to continue the trial as well as seven other pretrial motions by Defendant and one pretrial motion by the Government.  Defendant moves for a continuance in order to allow additional time

ORDER MEMORIALIZING COURT'S RULING AND PRETRIAL ORDER ~ 1

1 to file additional motions as Defendant continues to receive discovery.  The

2 Government does not object to a continuance in this matter.

3    The Court finds that the ends of justice served by the granting of a

4 continuance of the trial in this matter outweigh the best interests of the public and

5 Defendant in a speedy trial.  A trial date of February 16, 2011, would deprive

6 defense counsel of adequate time to obtain and review discovery and provide

7 effective preparation, taking into account the exercise of due diligence.  18 U.S.C.

8 § 3161(h)(7).   Accordingly, **IT IS HEREBY ORDERED**:

9    1. Defendant's Motion for Notice of Government's Intent to Introduce

10 Fed. R. Evid. 404 Evidence, **ECF No. 25**, is **DENIED AS MOOT** in light of the

11 Government's pretrial motion, addressed below.

12    2. Defendant's Motion for Discovery, **ECF No. 26**, is **DENIED AS**

13 **MOOT WITH LEAVE TO RENEW** on the basis of the Government's

14 representation that Mr. Ahmed would inquire into the availability of the computer-

15 aided dispatch ("CAD") and 911 tapes by January 11, 2012, and expediently

16 provide to Defendant whatever the Government receives in response to the inquiry.

17    3. Defendant's Motion to Dismiss the Indictment for Failure to Allege

18 All Elements of the Crime, **ECF No. 27**, is **DENIED** consistent with, e.g., *United*

19 *States v. Beasley*, 346 F.3d 930, 933-34 (9th Cir. 2003); *United States v. Nevils*,

20 598 F.3d 1158 (9th Cir. 2010).

4.    Defendant's Motion *in Limine* and Acceptance of Old Chief Stipulation, **ECF No. 29**, is **GRANTED** consistent with *Old Chief v. United States*, 519 U.S. 172, 191 (1997).

5.    Defendant's Motion to File Additional Pretrial Motions, **ECF No. 31**, is **GRANTED**.  The parties' pretrial motion deadline is **extended until February 10, 2012**.

6.    Defendant's Motion to Compel Grand Jury Transcripts, **ECF No. 32**, is **GRANTED**.  Consistent with Fed. R. Crim. P. 6(e)(3), the Government is to disclose grand jury transcripts **no later than 10 days prior to trial**.

7.    Defendant's Motion for Attorney-Conducted Voir Dire, **ECF No. 34**, is **DENIED IN PART** and **GRANTED IN PART.**  The Court conducts the majority of the voir dire with time allotted for attorney-conducted follow-up questions.

8.    Government's Motion *in Limine* re: Admission of Fed. R. Evid. 404(b) Evidence, **ECF No. 40**, is **GRANTED**.  The testimony that the Government seeks to admit is admissible on the basis that it is inextricably intertwined and is evidence of opportunity, provided the Government can establish Fed. R. Evid. 602 foundation for each witness.  *See* Fed. R. Evid. 404(b) (evidence may be admissible for a purpose other than to prove character such as to show opportunity, absence of mistake, or lack of accident); *United States v. Vizcarra-*

*Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995) ("other act" evidence need not meet the requirements of Rule 404(b) if it constitutes a part of the transaction that serves as the basis for the criminal charge or if it is necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime). The testimony contemplated by the Government describes possession by Defendant in close temporal proximity to the instant charged offense of a firearm matching the description of the firearm that is the subject of the charge.

9. Defendant's oral motion to continue trial is **GRANTED**.

10. The original trial date of February 6, 2011, is **STRICKEN and RESET** to **March 26, 2012,** at **9:00 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.**

11. A pretrial conference is set for **February 29, 2012,** at **11:00 a.m.** with**.** All hearings shall take place in **Spokane**, Washington.

12. Discovery motions, Motions *in limine,* and all other pretrial motions shall be filed and served on or before **February 10, 2012**.

13. Responses to motions shall be filed by **February 17, 2012**.

14. Replies shall be filed by **February 24, 2012**.

15. Trial briefs, requested voir dire, and a set of proposed **joint jury instructions** shall be filed and served on or before **March 16, 2012.**

ORDER MEMORIALIZING COURT'S RULING AND PRETRIAL ORDER ~ 4

a.      Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form.

b.       Parties shall supply the Court electronically with Joint Proposed Jury Instructions in Word or WordPerfect format and shall include:

    i.      The instructions on which the parties agree; and

    ii.     Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).

c.      All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number.  The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

d.      Each party shall address any objections they have to instructions proposed by any other party in a memorandum by **March 23, 2012**.  The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection.  Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports the objection.  Failure to file an

objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

16.    Plaintiff's trial exhibits, if any, are to be numbered 1 through 199; Defendant's exhibits, if any, 200 and following.

17.    A Waiver of Speedy Trial Rights was signed by each Defendant. All time from the trial date of **February 26, 2012**, to the new trial date of **March 26, 2012**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

18.    The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before trial commences**.

19.     The following procedures shall be utilized at trial:

a.    The Court will conduct the majority of jury voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

b.    A total of 14 jurors will be selected.  Plaintiff shall have 7 peremptory challenges; Defendant shall have 11 peremptory challenges.  The challenges shall be exercised alternately.

c.    Regular trial hours shall be from 9:00 a.m. to 12:00 noon, and 1:00 to 4:30 p.m.;

d.     The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

e.     Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

f.     A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided.  The photographs shall be maintained in a three-ring binder by the Court.  The photograph will have the witness's name on it and the date of the witness's testimony.  The photographs will be provided to the jury to assist them during deliberations.  Following deliberations, the photographs will be destroyed by the Court and **will not** be a part of the record;

g.     Examination of witnesses shall be limited to direct, cross, redirect and recross.  **Fed. R. Evid.** 611(a);

h.     Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

i.     During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

j.     Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

k.     An attorney's room is available on the ninth floor.  Counsel may checkout keys from chambers staff to the counsel rooms for use during days of trial.

l.     If any defendant is represented by CJA appointed counsel, the indigent defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays.  Defense counsel may request, as needed, that the motion and order be filed under seal.  Defense counsel shall prepare a proposed order that includes the following language:

i)  That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number.  The subpoena shall state when the witnesses' appearance is requested;

ii)  The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

iii)  Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information

ORDER MEMORIALIZING COURT'S RULING AND PRETRIAL ORDER ~ 8

on how to make lodging arrangements for those witnesses requiring

lodging; and

iv)  Any witness fees and per diem allowances shall be paid by the

Government after the witness has testified.  Requests for advance

payment shall be directed to the United States Marshal in the district

in which the witness is served or the United States Marshal in the

district in which the witness is present to provide testimony.

m.    Counsel is on notice that no CJA money is available to pay per diem

expenses for indigent defendants. Should an indigent defendant require

transportation to the trial, housing and meals during the trial, defense

counsel shall apply for such travel and costs no later than ten (10) days,

excluding weekends and holidays, prior to the date of the trial.

The District Court Executive is directed to file this Order and provide copies

to counsel.

**DATED** this 13th day of January 2012.


    *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge